IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) 2:20-CR-024 |
| | ) |
| IKLAS DAVIS, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM ORDER

On May 19, 2022, a jury found Defendant Iklas Davis guilty of conspiracy, use of unauthorized access devices, and aggravated identity theft in connection with a scheme to acquire and use stolen credit card numbers, often by breaking into vehicles. ECF 153; ECF 172, pp. 6-7. This Court sentenced Mr. Davis on September 26, 2022, to a total term of imprisonment of 60 months. ECF 190. Mr. Davis appealed his conviction on September 27, 2022 (ECF 194), and now moves *pro se* under 18 U.S.C. § 3143(b) for release pending that appeal (ECF 201). For the following reasons, the Court denies the motion.

The standard for obtaining relief under 18 U.S.C. § 3143(b) "is difficult to satisfy." *United States v. Banks*, No. 21-3190, 2022 WL 444262, at *2 (3d Cir. Feb. 14, 2022). To meet his burden, Mr. Davis must show: (1) by clear and convincing evidence that he is not likely to flee and will not pose a danger to the community if released; (2) that the appeal is not for the purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) if that question is resolved in his favor, that decision will likely result in reversal, a new trial, a sentence that does not include imprisonment, or a sentence with a reduced term of imprisonment. 18 U.S.C. § 3143(b); *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985). The Court finds that Mr. Davis's motion comes up short on at least the first and third prongs—specifically,

he has not shown by clear and convincing evidence that he is not a danger to the community, or that his appeal raises a substantial question of law or fact.

Mr. Davis asserts in a conclusory manner that he is not a danger to the community because his identity-theft scheme was a non-violent, white-collar crime that "[had] no victim." ECF 201, p. 2; ECF 204, p. 3. But the Court looks beyond Mr. Davis's instant offenses to his entire criminal history, including his non-violent offenses. *Banks*, 2022 WL 444262, at *2 ("[T]he District Court appropriately focused on Banks's significant (albeit non-violent) criminal history."). Mr. Davis has committed violent and non-violent crimes over more than twenty years, including theft involving a firearm, resisting arrest, possession with intent to deliver heroin, and possession of a firearm and ammunition by a felon. ECF 172, pp. 11-17. Thus, the Court finds—particularly in light of the high "clear and convincing" standard—that Mr. Davis's propensity to commit crime poses a sufficiently serious risk to the community and counsels against granting his release pending appeal. *United States v. Provenzano*, 605 F.2d 85, 95 (3d Cir. 1979) ("[A] defendant's propensity to commit crime generally, even if the resulting harm would be not solely physical, may constitute a sufficient risk of danger to come within the contemplation of the [Bail Reform] Act.").

Mr. Davis's conduct during trial and sentencing, which the Court may properly consider, reinforces that conclusion. *Id.* at 96 ("[A] court may take notice of the defendant's presentence report, including information regarding the accused's prior criminal record, pending criminal charges, his demeanor at trial, and any other information indicative of the defendant's propensity to commit crime generally, or otherwise endanger the community."). Throughout trial, Mr. Davis displayed disruptive, erratic, and troubling behavior; on several instances, he deliberately waited for the jury to be seated so he could yell objections at them despite this Court's repeated warnings against that conduct. ECF 155. The Court held Mr. Davis in

criminal contempt for those actions. *Id.* And at sentencing, the Court became concerned for courtroom security after Mr. Davis expressed frustration about his being handcuffed during proceedings. ECF 198, 3:20-6:11.[1] While this behavior is not alone dispositive, it suggests Mr. Davis may continue to act erratically and will not comply with the conditions of his release. The Court therefore concludes that Mr. Davis's motion does not present clear and convincing evidence showing that he is not a danger to the community.

As to the third prong of the test, Mr. Davis's appeal does not pose a substantial question of fact or law, so his motion fails on that basis as well. "[T]he substantial question prerequisite requires the defendant to prove that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *United States v. Smith*, 793 F.2d 85, 88 (3d Cir. 1986) (cleaned up); *see also United States v. Brand*, 224 F. Supp. 3d 437, 441 (E.D. Pa. 2016) ("A question is substantial if the defendant can demonstrate that it is fairly debatable or is debatable among jurists of reason." (cleaned up)). A question is substantial if it is "significant" and of "more substance than would be necessary to a finding that it was not frivolous," not just because a defendant disagrees with an outcome. *United States v. Fattah*, 224 F. Supp. 3d 443, 447 (E.D. Pa. 2016) (cleaned up).

Nothing in Mr. Davis's motion suggests that his appeal presents a "substantial" question of fact or law, let alone one that would result in a reversal, new trial, or reduced sentence. First, Mr. Davis challenges this Court's jurisdiction over him for violating federal statutes (ECF 201, pp. 3-4 (¶ 2(A), (E)-(G))); but the Court clearly did have jurisdiction.

---

[1] Mr. Davis also sought to delay and disrupt the sentencing hearing by slowly shuffling, unpacking, and reorganizing several boxes of case files (to which he ultimately did not refer). ECF 198, 2:4-7:3.

Second, Mr. Davis insists that the Court prevented him from asserting his Sixth Amendment right to represent himself (*id.* (¶ 2(D))), but the record belies that assertion. Each time Mr. Davis requested to represent himself, the Court conducted a *Faretta* colloquy, including one week before trial; and each time, the Court found that Mr. Davis "either has stymied the *Faretta* colloquy, has not unequivocally requested to represent himself, or has not knowingly appreciated the risks of representing himself." ECF 165, 2:14-4:3. Since a court may deny a request for self-representation "[i]f a defendant disobeys the court's directions and, in doing so, stymies its inquiry into the defendant's request to represent himself," this issue does not pose a substantial question of law or fact. *United States v. Taylor*, 21 F.4th 94, 103 (3d Cir. 2021).

Third, Mr. Davis argues that his appointed counsel had a conflict of interest in representing him. ECF 201, p. 4 (¶ 2(H)). But there is no indication in the motion or the record of what that conflict was.

Fourth, Mr. Davis claims he was never informed of the nature of the charges against him. *Id.* at 3 (¶ 2(C)). Again, there is no evidence in the motion or the record to support that assertion. To the contrary, the Court reviewed the nature of the charges against Mr. Davis in this case several times. ECF 165, 24:9-29:21. And Mr. Davis appeared to understand them. *Id.* at 25:3-9 ("The Defendant: … Let the record show that this is a criminal action.").

Fifth, Mr. Davis asserts that the Court applied enhancements at sentencing based on facts that were not found by the jury at trial. ECF 201, p. 3 (¶ 2(B)).[2] But

---

[2] The presentence report, which the Court adopted at sentencing, increased Mr. Davis's base offense level from 6 to 16 based on the loss attributable to Mr. Davis's or his co-conspirators' conduct, the number of victims, and the possession of device-making equipment and use of the victims' unauthorized access devices. ECF 172, p. 9.

that issue does not raise a question that is "novel, which has not been decided by controlling precedent, or which is fairly doubtful" because the jury did not have to find those facts.

"When a finding of fact alters the legally prescribed punishment so as to aggravate it, that finding must be made by a jury of the defendant's peers beyond a reasonable doubt." *United States v. Haymond*, 139 S. Ct. 2369, 2378 (2019) (cleaned up). In this case, Mr. Davis faced a statutory maximum sentence of five years for the conspiracy charge (18 U.S.C. § 371) and ten years for the access device fraud charge (18 U.S.C. § 1029(a)(1)(A)(i)), and a two-year mandatory consecutive sentence for the identify theft charge (18 U.S.C. §§ 1028A(a)(1), (b)). The jury received instructions on each element of the charges against Mr. Davis and found him guilty beyond a reasonable doubt. ECF 153; ECF 161, 57:6-89:5.

The sentencing enhancements about which Mr. Davis complains did not alter the legally prescribed punishment for each of his offenses. Mr. Davis was sentenced to a term of imprisonment of 36 months for the conspiracy charge and the access device fraud charge, and a consecutive term of imprisonment of 24 months for the aggravated identity theft charge. ECF 190. Since the sentences fell exactly at or below the statutory maximum penalties for each charge even with the enhancements, and because the enhancements did not raise the minimum sentence, their application did not affect the applicable statutory sentencing range. Thus, a jury was not required to find the facts underlying the enhancements. And because there is no basis to conclude that application of those enhancements violated Mr. Davis's Sixth Amendment rights, this issue does not present a substantial question. *See United States v. Salawu*, 67 F. App'x 665, 666 (3d Cir. 2003) ("[A] court may still consider aggravating and mitigating factors that support a specific sentence within the statutorily prescribed range when sentencing a defendant, so long as the sentence

imposed is not greater than the maximum statutory penalty for the statutory offense established by the jury's verdict." (cleaned up)).[3]

\*   \*   \*

For these reasons, this **15th day of August, 2023**, it is hereby **ORDERED** that Mr. Davis's motion for release pending appeal (ECF 201) is **DENIED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[3] It seems like Mr. Davis's main complaint with his enhancements is whether there was sufficient evidence to support them. But all the enhancements were supported by the trial evidence, including a stipulation between the parties on the loss amount. 18 U.S.C. § 3661; *United States v. Brown*, No. 13-176, 2017 WL 11663334, at \*5 (E.D. Pa. Apr. 17, 2017) ("[T]he trial court may consider a broad range of evidence in determining an appropriate sentence[,]" including evidence from the defendant's trial, a plea hearing, and a co-defendant's trial, as long as it contains sufficient indicia of reliability), *report and recommendation adopted*, No. 13-176, 2017 WL 11663333 (E.D. Pa. Apr. 26, 2017).